In the Matter of the Estate of GERTRUDE C. WINTHROP, Deceased.

Surrogate's Court, New York County, January 8, 1930.

*Coudert Bros.*, for petitioning executors.

*Emmet, Marvin & Martin*, for the trustees.

*Root, Clark, Buckner, Howland & Ballantine*, for Lawrence Johnston.

O'BRIEN, S. This is an accounting by executors under the will of decedent. After directing the payment of her debts and testamentary expenses as soon after her death as practicable, the testatrix gave an annuity of $10,000 to her brother, James M. Waterbury, and an annuity of $3,000 to her niece, Katherine L. Waterbury. These annuities were directed to be set up out of her personal estate, and the principal necessary to produce them was, upon the death of the annuitants, to become part of the residuary. The entire residuary estate was bequeathed to trustees for the benefit of decedent's son, Lawrence Johnston, during his life, with remainder over to his issue and in default of issue to certain nephews and nieces. In paragraph 11 of the will the testatrix directs " * * * *my Trustees to revise and reconsider all investments forming part of my residuary estate four times at least in each year once in each quarter and I urge my trustees to take all possible precautions to retain safe investments only and to ensure that the annual income shall during my son's lifetime be kept up to as high a level as possible* having regard to safety and I direct my trustees as far as possible to consult my said son when revising or altering any such investments." The executors propose to turn over the residuary estate to the trustees after first paying to the *cestui* the entire income earned on the residuary during the year after the grant of letters. This disposition is objected to by the trustees. They claim that the income on principal assets which were used from time to time during the first year of administration for the payment of debts and administration expenses should be added to the principal of the residuary estate. In other words, they seek (1) to discount the amounts paid out for debts and administration expenses, (2) to deduct the amount of the discount from income, and (3) to add said discount to the residuary. They rely on the principle laid down by *Williamson* v. *Williamson* (6 Paige Ch. 298); *Matter of Benson* (96 N. Y. 499); *Matter of Phillips* (128 Misc. 896), and *Matter of Lord* (134 id. 198). I hold that the position taken by the executors is the correct one. The authorities relied on by the trustees are not in point.

The necessity arising in those cases for a computation of the residuary is not only absent, but under the clear language of the will of testatrix it would be a violation of the terms thereof to apply the rule laid down in any of those cases. The present case is not one involving the element of general legacies, nor is there any undisposed of income, nor are we confronted with any conflict between residuary legatees, to some of whom the legacies were absolute and to others in trust. The fact that the debts and administration expenses were paid promptly within the first year of administration under the directions of the will, should not be a reason to penalize the life beneficiary for the benefit of more remote remaindermen. Were they not paid within the year, certainly the trustees could not claim, under the terms of the will, that the income earned on the amount of debts and administration expenses formed any part of the residuary estate. *The testatrix intended her son to have the entire income of her net estate, less the two annuities, during his life.* The language of the 11th paragraph of her will, quoted above, is an additional indication of this intention. There is no language, express or otherwise, from which it could be held that the testatrix contemplated the increasing of the residuary left in trust for her son by the addition of any part of the income which had accumulated during the first year of the administration of her estate. She evidently used the word "income" in its ordinary sense, and cannot be held to have intended to give him income diminished in the manner contended for by the trustees.

Submit decree on notice settling the account as filed.